**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000495
29-JAN-2021
07:45 AM
Dkt. 58 SO**

NO. CAAP-19-0000495

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
STEPHEN LUCKRY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DCW-18-0000779)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Stephen Luckry (**Luckry**) appeals
from the April 17, 2019 Notice of Entry of Judgment and/or Order
(**Judgment**) and the May 10, 2019 (Amended) Notice of Entry of
Judgment and/or Order (**Amended Judgment**) entered by the Honolulu
Division of the District Court of the First Circuit (**District
Court**).[1]  Luckry was convicted of Operating a Vehicle Under the

---

[1]     The Honorable William M. Domingo and the Honorable John A.
Montalbano presided, respectively.

Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2019).[2]

Luckry raises two points of error on appeal, contending that: (1) the District Court abused its discretion when it excluded two instances of Honolulu Police Department (**HPD**) Officer Jason Spiker's (**Officer Spiker**) previous falsehoods; and (2) there was insufficient evidence to convict Luckry.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Luckry's points of error as follows:

(1) Luckry argues that the District Court erred when it prohibited him from impeaching Officer Spiker with evidence of two prior instances of Officer Spiker's conduct that were probative of untruthfulness. Luckry argues that this evidence was admissible under Hawai'i Rules of Evidence (**HRE**) Rule 608(b),

---

[2] HRS § 291E-61(a) states in relevant part:

> **§ 291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

it was an abuse of discretion to preclude it, and the District Court's error was not harmless beyond a reasonable doubt.

HRE Rule 608(b) provides, in relevant part:

> **(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking the witness' credibility, <u>if probative of untruthfulness,</u> may be inquired into on cross-examination of the witness and, in the discretion of the court, may be proved by extrinsic evidence.

(Emphasis added).

In <u>State v. Su</u>, 147 Hawaiʻi 272, 283, 465 P.3d 719, 730 (2020), the Hawaiʻi Supreme Court explained:

> [U]nder the plain language of HRE Rule 608(b), admissibility of evidence under HRE Rule 608(b) involves a two-step inquiry: (1) whether the specific conduct evidence proffered for the purpose of attacking the witness's credibility is probative of untruthfulness, and, if so, (2) whether the probative value of the evidence of the specific conduct is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence pursuant to HRE Rule 403. An appellate court reviews the trial court's two-step admissibility determination under the right/wrong standard as to the first step, and under the abuse of discretion standard as to the second step.

In <u>Su</u>, the supreme court examined a trial court ruling disallowing the cross-examination of Officer Spiker (the same Officer Spiker as in this case) about his testimony in three prior proceedings (the same prior proceedings raised by Luckry in this case). <u>Id.</u> at 274, 465 P.3d at 721. Discussing and applying its two-step analysis, the supreme court concluded that the trial court erred in the first step, with respect to the cross-examination of Officer Spiker concerning two of those proceedings: (1) in one proceeding, the <u>Kuni</u> ADLRO proceeding, Officer Spiker admitted that he submitted a falsely sworn

3

statement to the ADLRO, which clearly called his credibility into question; and (2) in a second proceeding, the Thomas harassment trial, still photos of a video-recording showed that, contrary to Officer Spiker's police report and testimony, the defendant did not have his fists clenched and was not throwing punches. Id. at 285, 465 P.3d at 732; see also State v. Estrada, 69 Haw. 204, 219, 738 P.2d 812, 823 (1987) (holding that an officer's alleged falsifications on his employment application were relevant to his credibility and should have been admitted pursuant to HRE Rule 608(b)). With respect to the third proceeding, the Lee OVUII trial, the supreme court held that a court's rejection of Officer Spiker's estimate of distance and speed, because it did not make sense, was not relevant to his credibility. Su, 147 Hawaiʻi at 285, 465 P.3d at 732.

Here, the District Court allowed Officer Spiker to be cross-examined as to the Kuni ADLRO proceeding, but not the Thomas and Lee matters. Relevant to this appeal, Luckry thus contends the District Court erred in not allowing him to cross-examine Officer Spiker concerning the second and third specific instances of conduct addressed by the supreme court in Su. As the supreme court held in Su, here, the District Court erred in the first step of the Rule 608(b) analysis with respect to the cross-examination of Officer Spiker concerning the Thomas proceeding in which still photos of a video-recording showed that, contrary to Officer Spiker's police report and testimony,

the defendant did not have his fists clenched and was not throwing punches.  See id. at 285, 465 P.3d at 732.

However, as the supreme court held in Su, the trial court's rejection of Officer Spiker's estimate of distance and speed in the Lee proceeding, because it did not make sense, was not relevant to his credibility.  Id.  Therefore, here, the District Court did not err in disallowing Luckry's cross-examination of Officer Spiker about the Lee case, which involved testimony that did not make sense.

In this case, Officer Spiker testified as to, inter alia, his observations of Luckry's driving that led to the traffic stop, as well as Officer Spiker's observation of the odor of alcohol coming from Luckry's breath, Luckry's appearance and slurred speech, and Luckry's statement that "he had a six pack." In issuing its decision, the District Court found that the testimonies of Officer Spiker and the other testifying officers were "the more credible testimon[ies]," in comparison to the testimonies of Luckry and the other defense witness.

The District Court in this case did not specifically rule on whether the prior proceedings were relevant, as is required under the two-part analysis discussed in Su.  However, as discussed above, one of the prior proceedings that Luckry sought to raise in cross-examination was relevant to Officer Spiker's credibility and probative of untruthfulness.  On remand, based on the first prong of the Su/HRE Rule 608(b) analysis,

Luckry is entitled to cross-examine Officer Spiker as to that matter. However, the extent of the cross-examination and the admissibility of any extrinsic evidence that might be offered remain subject to an HRE Rule 403 analysis pursuant to the second prong of the Su analysis. See Su, 147 Hawaiʻi at 285, 465 P.3d at 732.

As Officer Spiker's testimony was central to Luckry's conviction, we cannot conclude that the District Court's error in precluding, *inter alia*, all references to the prior Thomas proceeding was harmless beyond a reasonable doubt. See id. (citation omitted).

(2) Luckry argues that the State failed to present substantial evidence that Luckry operated his vehicle while under the influence of alcohol in an amount sufficient to impair his normal faculties or ability to care for himself and guard against casualty. Luckry admits that the State presented some evidence of intoxication, but submits that the evidence at trial may be construed differently, in a manner that would not lead to conviction for OVUII.

We conclude that, when the evidence adduced at trial is considered in the strongest light for the prosecution, there was sufficient evidence to convict Luckry of OVUII. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007). "[E]ven if it could be said [] that the conviction is against the weight of the evidence, as long as there is substantial evidence

6

to support the requisite findings for conviction, the trial court will be affirmed." State v. Xiao, 123 Hawaiʻi 251, 257, 231 P.3d 968, 974 (2010) (citation omitted).

Officer Spiker testified that, on March 3, 2018, he observed Luckry driving a red truck in the middle of three lanes, directly in front of him, and the truck drifted into the far right lane, with tires crossing the lane markings by about two feet, almost colliding with parked vehicles, before jerking back into its lane. This occurred two or three times. After the traffic stop, when speaking with Luckry, Officer Spiker could detect a strong odor of an alcoholic beverage on Luckry's breath. Officer Spiker observed that Luckry had red, watery, bloodshot eyes, a flushed face, and slurred speech. Officer Spiker testified that Luckry told him that he had "a six pack and that he was okay to drive after three beers."

HPD Officer Mitchell Cadina (**Officer Cadina**) testified about his training with HPD to administer and evaluate a Standardized Field Sobriety Test (**SFST**) and described the three tests comprising the SFST and his administration of them to Luckry. Officer Cadina testified, *inter alia*, that when he administered the horizontal gaze nystagmus (**HGN**) test to Luckry, he smelled a strong odor of an alcoholic beverage on Luckry's breath and he observed that Luckry's eyes were red, watery, glassy, and bloodshot. During the HGN test, he had to remind Luckry "numerous times" to keep his head still. With respect to

the walk-and-turn test, Officer Cadina instructed Luckry as to how to perform the test, Officer Cadina demonstrated how to do it, and Luckry stated that he understood. Officer Cadina testified that Luckry lost his balance once during the instructional stage and started too soon. During the test, Luckry stopped multiple times, missed heel-to-toe contact numerous times, and raised his arms, all contrary to the instructions. With respect to the one-leg-stand test, Officer Cadina instructed Luckry as to how to perform the test, Officer Cadina demonstrated in part how to do it, and Luckry stated that he understood. After Luckry started the test, he swayed in all directions, moved his arms more than six inches from his body, and discontinued the test after about ten seconds.

Based on our review of all of the evidence presented at trial, we conclude that, when the evidence adduced at trial is considered in the light strongest for the prosecution, there was substantial evidence to convict Luckry of OVUII, notwithstanding some conflicting evidence.

For these reasons, the District Court's April 17, 2019 Judgment and May 10, 2019 Amended Judgment are vacated, and this case is remanded to the District Court for a new trial.

DATED: Honolulu, Hawaiʻi, January 29, 2021.

On the briefs:

Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge